ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ISAELYS A. VEGA CARBALLO Y MIGUEL ROSARIO TORRES EN REP. RICURA CARIBEÑA, LLC.<br><br>Parte Recurrida<br><br>v.<br><br>MELMARY AGUILAR RÍOS<br><br>Parte Peticionaria | KLCE202400593 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Mayagüez<br><br>Caso Núm.:<br>O LA2024-079<br><br>Sobre:<br>Ley 284-1999, Ley Contra el Acecho en Puerto Rico, según enmendada por la Ley Núm. 44-2016 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de julio de 2024.

Comparece la señora Melmary Aguilar Ríos (Sra. Aguilar) y solicita que revoquemos la *Orden de Protección al Amparo de la Ley contra el Acecho en Puerto Rico* emitida y notificada el 8 de abril de 2024, por el Tribunal de Primera Instancia, Sala Municipal de Mayagüez. Mediante el referido dictamen, el foro primario emitió una orden de protección a favor de la Sra. Isaelys A. Vega Caraballo y el Sr. Miguel Rosario Torres, y en contra de la Sra. Aguilar, con vigencia de un (1) año.

Examinado el recurso, así como la regrabación de la prueba oral, y a tenor con los criterios (A), (C) y (G) de la Regla 40 de nuestro Reglamento[1], expedimos el auto de *certiorari* y revocamos la orden de protección recurrida.

---

[1] 4 LPRA Ap. XXII-B, R. 40.

Número Identificador
SEN2024_____

**I.**

Conforme surge del expediente ante nuestra consideración, el 18 de marzo de 2024, la Sra. Isaelys A. Vega Caraballo y el Sr. Miguel Rosario Torres (en conjunto, señores Vega-Rosario) presentaron por derecho propio una *Petición de Orden de Protección al Amparo de la Ley contra el Acecho en Puerto Rico*, Ley Núm. 284 de 21 de agosto de 1999, según enmendada, 33 LPRA sec. 4013 *et seq.* (Ley Núm. 284-1999), contra la Sra. Aguilar. En síntesis, alegaron:

1. Que he sido víctima de acecho por la parte peticionada consistente en que: intencionalmente, o a sabiendas de que razonablemente podría sentirme intimidado(a), ha manifestado un patrón de conducta consistente en amenazas, persecución u hostigamiento, comunicaciones verbales o escritas no deseadas o actos de vandalismo para atemorizarme, que podría causarme daños, podría causar daño a mis bienes o podría causar daños a un miembro de mi familia o a sus bienes.

2. El acecho que he sufrido ocurrió en o durante las fechas siguientes:
Lugar: En predios de mi finca (Ricura Caribeña, LLC);
Fecha: 16 de marzo de 2024.
Lugar: vía telefónica en predios de mi finca (Ricura Caribeña, LLC);
Fecha: 17 de marzo de 2024.

Debido a lo anterior, los señores Vega-Rosario solicitaron que se ordenara a la Sra. Aguilar abstenerse de molestarlos, acosarlos, perseguirlos, intimidarlos o amenazarlos, incluyendo a cualquier miembro de su familia; de acercarse o penetrar a su negocio y sus alrededores; de tener contacto o interferir con ellos mediante redes sociales; de causarle daños a sus bienes y de acercarse a sus mascotas. Los señores Vega-Rosario también reclamaron que se ordenara a la Sra. Aguilar pagar una indemnización ascendente a $3,150.00 por los daños sufridos a consecuencia del acecho.

El 18 de marzo de 2024, y luego de escuchar a los señores Vega-Rosario, el TPI expidió de manera *ex parte* la orden de protección solicitada, al amparo de la Ley Núm. 284-1999. En ésta formuló las siguientes determinaciones de hechos:

> Escuchada la prueba presentada el Tribunal expide exparte la orden de protección solicitada al amparo de la Ley 284, Ley contra el Acecho en Puerto Rico por configurarse el patrón de acecho establecido [en] la ley consistente en que la peticionada acosa, acecha, amenaza y maltrata de palabra a la parte peticionada temiendo estos por su seguridad.[2]

El TPI concluyó que los señores Vega-Rosario demostraron que existía una probabilidad sustancial de riesgo inmediato a su seguridad o a la seguridad de algún miembro de su familia y que dar notificación previa a la parte peticionada provocaría el daño irreparable que se intentaba prevenir al solicitar la orden de protección.

En virtud de lo anterior, el TPI le ordenó a la Sra. Aguilar abstenerse de acosar, perseguir, intimidar, amenazar o de cualquier otra forma interferir con los señores Vega-Rosario o con miembros de su familia. A su vez, ordenó a la Sra. Aguilar abstenerse de penetrar o acercarse al hogar de los señores Vega-Rosario, su lugar de empleo, el hogar de sus familiares; su negocio, la escuela y lugar de cuido a la que asisten sus hijos o cualquier menor bajo su custodia, así como a los alrededores de cualquiera de los mencionados. También, el TPI ordenó a la Sra. Aguilar abstenerse de realizar llamadas telefónicas a los señores Vega-Rosario y de enviar mensajes de texto o de voz a sus números telefónicos personales, lugar de trabajo, o a sus familiares y amigos. De igual forma, el TPI le requirió a la Sra. Aguilar abstenerse de enviar correos electrónicos, cartas o facsímiles a los señores Vega-Rosario; de tener contacto o interferir con ellos mediante redes sociales; de causarle daños a sus bienes y de acercarse a sus mascotas. Por último, le ordenó a la Sra. Aguilar entregar a la Policía de Puerto Rico cualquier arma de fuego que le perteneciera o tuviera bajo su control.

---

[2] Apéndice del recurso, págs. 11-16, a la pág. 13.

El TPI dispuso que la orden estaría vigente hasta el 1 de abril de 2024, fecha para la cual se pautó la vista en su fondo. A su vez, citó a la Sra. Aguilar para que compareciera en esa fecha a prestar su declaración con relación a la solicitud. Llegado el día, el TPI extendió la orden de protección *ex parte*[3] y reseñaló la vista final para el 8 de abril de 2024.

El 8 de abril de 2024, ambas partes comparecieron a la vista con sus respectivas representaciones legales. Luego de aquilatar la prueba presentada, el TPI expidió la orden de protección al amparo de la *Ley contra el Acecho en Puerto Rico* a favor de los esposos Vega-Rosario, y en contra de la Sra. Aguilar, con vigencia de un (1) año.[4] En tal virtud, ordenó a la Sra. Aguilar abstenerse de acosar, perseguir, intimidar, amenazar o de cualquiera otra forma interferir con los señores Vega-Rosario o miembros de su familia. También le ordenó a la Sra. Aguilar abstenerse de acercarse o penetrar al hogar de los señores Vega-Rosario, su lugar de empleo, el hogar de sus familiares; su negocio, la escuela y lugar de cuido a la que asisten sus hijos o cualquier menor bajo su custodia, así como a los alrededores de cualquiera de los mencionados. También, el TPI dictaminó que la Sra. Aguilar se abstuviera de realizar llamadas telefónicas a los señores Vega-Rosario y de enviar mensajes de texto o de voz a sus números telefónicos personales, lugar de trabajo, o a sus familiares y amigos. De igual forma, el TPI le requirió a la Sra. Aguilar abstenerse de enviar correos electrónicos, cartas o facsímiles a los señores Vega-Rosario; de tener contacto o interferir con ellos mediante redes sociales; de causarle daños a sus bienes y de acercarse a sus mascotas. Por último, le ordenó a la Sra. Aguilar entregar a la Policía de Puerto Rico cualquier arma de fuego que le perteneciera o tuviera bajo su control.

---

[3] *Íd.,* págs. 5-10.
[4] *Íd.,* págs. 18-23.

Sin embargo, a pesar de la orden adversa a la Sra. Aguilar, la resolución carece de determinaciones de hechos que fundamenten la decisión.

Así las cosas, el 22 de abril de 2024, la Sra. Aguilar presentó una *Moción Urgente Asumiendo Co-Representación Legal de la Parte Peticionada y en Solicitud de Reconsideración al Amparo de la Regla 47 de Procedimiento Civil de Puerto Rico*. En esencia, adujo que de la prueba desfilada surgía que había ocurrido un solo incidente entre las partes, razón por la cual no se configuró el patrón de acecho requerido por la precitada ley.

Mediante *Notificación* de 26 de abril de 2024, el TPI denegó la solicitud de co-representación legal y la moción de reconsideración.

Inconforme, el 28 de mayo de 2024, la Sra. Aguilar presentó el recurso que nos ocupa y apuntó los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia, Sala Municipal de Mayagüez al expedir y declarar ha lugar la orden de protección OLA2024—00-079 al amparo de la Ley 284-1999 solicitada por las partes peticionarias a pesar [de] <u>no existir</u> todos los elementos necesarios para la expedición de esta.

> Erró el Honorable Tribunal de Primera Instancia, Sala Municipal de Mayagüez al expedir la orden de protección en clara violación de las garantías mínimas del debido proceso de ley, toda vez que la vista final fue precedida por el mismo juez que había atendido una vista de Ley 140-1974, <u>el mismo día, entre las mismas partes, sobre hecho y controversias íntimamente relacionadas y no se le permitió a la parte peticionada estar representada del abogado de selección</u>.

Toda vez que el TPI adjudicó la orden de protección final sin consignar las determinaciones de hechos que explicasen su razonamiento decisorio, y a los fines descargar responsablemente nuestra función apelativa, el 6 de junio de 2024, este Tribunal emitió una resolución al amparo de la Regla 83.1 de nuestro Reglamento, 4 LPRA Ap. XXII-B, requiriéndole al foro recurrido que elaborara las

determinaciones de hechos que dieron lugar a las conclusiones de derecho de la orden de protección.

En cumplimiento con nuestra orden, el 10 de junio de 2024, el TPI dictó y notificó la *Resolución,* en la que formuló las siguientes determinaciones de hechos:

1. La Peticionaria tuvo varios incidentes con la Sra. Mirta Ríos Hernández los días 17, 19 de marzo y 2 de abril de 2024 en la finca de su propiedad en presencia de estudiantes.

2. La Sra. Mirta Ríos Hernández el 19 de marzo de 2024 junto a Melmary Aguilar Ríos[5], entró a la propiedad de la Peticionaria sin autorización mediando orden de protección vigente a su favor.

3. El 1 de abril de 2024 la Peticionaria acudió a su propiedad para colocar los puntos de colindancia.

4. La Sra. Ríos Hernández junto a Melmary Aguilar Ríos intentaron quitar los puntos de colindancia en la propiedad de la Peticionaria.

5. La Sra. Aguilar Ríos aceleró y lanzó su vehículo de motor donde se encontraba la Peticionaria.

6. La Sra. Ríos Hernández quitó uno de los puntos de colindancia e indicó que se (sic) quitaría los demás.

7. La Peticionaria se siente intimidada y amenazada por la Sra. Ríos Hernández.

8. La Sra. Ríos Hernández admitió que no es dueña de la propiedad.

9. La Sra. Ríos Hernández admitió que entró a la propiedad entró a la propiedad (sic) sin autorización de la Peticionaria.

10. La Sra. Ríos Hernández admitió que removió el cemento y puntos de colindancias de la propiedad sin autorización de la Peticionaria.

11. La Sra. Ríos Hernández no tiene negocio o derecho propietario alguno sobre la propiedad perteneciente a la Peticionaria. (Nota al calce en el original).

El 2 de julio de 2024, le concedimos a las partes hasta el 8 de julio de 2024 para expresarse en torno a la resolución emitida por el foro de instancia. La Sra. Aguilar compareció mediante un *Escrito en Cumplimiento de Orden.*

---

[5] Melmary Aguilar Ríos es hija de la Sra. Mirta Ríos Hernandez.

Transcurrido el término concedido a la parte recurrida, esposos Vega-Rosario, para que ésta compareciera sin que así lo hiciera, procedemos a adjudicar el recurso sin el beneficio de su posición.

**II.**

**A.**

En nuestro ordenamiento, es norma conocida que los tribunales apelativos no intervendrán con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad, o que incurrió en error manifiesto.[6] Ello pues, porque los jueces de primera instancia son quienes están en mejor posición de aquilatar la prueba y adjudicar credibilidad, que incluye, entre otros factores, ver el comportamiento de los testigos mientras ofrecen su testimonio.[7] Sólo se podrá intervenir con sus determinaciones cuando la apreciación de la prueba no represente el balance más racional, justiciero y jurídico de la totalidad de la prueba.[8]

El Tribunal Supremo ha expuesto que incurre en pasión, prejuicio o parcialidad el "juzgador que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que someta prueba alguna".[9]

---

[6] *Pueblo v. Hernández Doble,* 210 DPR 850, 864 (2022); *Ortiz Ortiz v. Medtronics,* 209 DPR 759, 778 (2022); *Santiago Ortiz v. Real Legacy et al.,* 206 DPR 194, 219 (2021); *Gómez Márquez v. El Oriental,* 203 DPR 783, 793 (2020); *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

[7] *Ortiz Ortiz v. Medtronics,* supra, págs. 778-779; *Gómez Márquez v. El Oriental,* supra, pág. 792; *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013).

[8] *González Hernández v. González Hernández,* 181 DPR 746, 777 (2011).

[9] *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 782 (2013), seguido en *Pueblo v. Hernández Doble,* supra, págs. 864-865.

Por otro lado, "se incurre en error manifiesto cuando la apreciación de esa prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble".[10] De igual forma, el Tribunal Supremo ha señalado que las conclusiones del foro de instancia se considerarán claramente erróneas si un análisis de la totalidad de la prueba recibida revela que las conclusiones están en conflicto con el balance más racional, justiciero y jurídico.[11]

Por consiguiente, los tribunales apelativos están facultados para sustituir el criterio de los tribunales de instancia cuando, a la luz de la prueba admitida no existe base suficiente que sustente su determinación.[12]

En otro extremo, a pesar de la norma de deferencia judicial, el Tribunal Supremo ha indicado que cuando las determinaciones de hecho del foro primario estén basadas en prueba pericial o documental, el tribunal revisor se encuentra en la misma posición que el foro revisado. Por consiguiente, el tribunal apelativo tendrá la facultad de adoptar su propio criterio en la apreciación y evaluación de la prueba pericial, y hasta para descartarla, aunque resulte técnicamente correcta.[13]

**B.**

La *Ley contra el Acecho en Puerto Rico*, Ley Núm. 284 de 21 de agosto de 1999, según enmendada, 33 LPRA sec. 4013 *et seq.* (Ley Núm. 284-1999), fue aprobada con el fin de "tipificar como delito y penalizar todo patrón de conducta de acecho, que induzca temor en el ánimo de una persona prudente y razonable de sufrir algún daño físico en su persona, sus bienes y/o en la persona de un miembro de su familia, y proveer los mecanismos adecuados para intervenir oportunamente en los casos de acecho, ofreciendo protección a las

---

[10] *Pueblo v. Toro Martínez,* 200 DPR 834, 859 (2018), seguido en *Pueblo v. Hernández Doble,* supra, pág. 865.
[11] *Pueblo v. Hernández Doble,* supra.
[12] *Íd.*
[13] *Íd.,* pág. 777.

víctimas de este tipo de comportamiento". Exposición de Motivos de la Ley Núm. 284-1999.

El Art. 3, inciso (a), de la citada ley, define el acecho de la siguiente manera:

> *Acecho.* – Significa una conducta mediante la cual se ejerce una vigilancia sobre determinada persona; se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona, se efectúan actos de vandalismos dirigidos a determinada persona, se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar o perseguir a la víctima o a miembros de su familia. 33 LPRA sec. 4013, inciso (a).

El Art 4, inciso (a), de la ley expone la conducta delictiva que constituye acecho. A tales efectos, expresa que:

> (a) Toda persona que intencionalmente manifieste un patrón constante o repetitivo de conducta de acecho dirigido a intimidar a una determinada persona a los efectos de que ella, o cualquier miembro de su familia podría sufrir daños, en su persona o en sus bienes; o que mantenga dicho patrón de conducta a sabiendas de que determinada persona razonablemente podría sentirse intimidada incurrirá en delito menos grave. 33 LPRA sec. 4014.

Mientras, el Art. 3, inciso (b), del estatuto establece que el *patrón de conducta persistente* "significa realizar en dos (2) o más ocasiones actos que evidencian el propósito intencional de intimidar a determinada persona o a miembros de su familia". 33 LPRA sec. 4013, inciso (b).

El tribunal expedirá la orden de protección si determina que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de acecho. 33 LPRA sec. 4015, inciso (c). A discreción del TPI, la Orden puede ir dirigida a prevenir que la parte peticionada moleste, intimide, amenace o de cualquier otra forma aceche o interfiera con la parte peticionaria o un miembro de su familia. *Íd.*

Toda orden de protección podrá ser revisada por el Tribunal de Apelaciones. Art. 5 de la Ley Núm. 284-1999, 33 LPRA sec. 4015 (d).

**III.**

En su primer señalamiento de error, la Sra. Aguilar aduce que el TPI incurrió en error manifiesto en la apreciación de la prueba y abusó de su discreción al emitir una orden de protección en su contra, en ausencia de prueba que demostrara que ésta hubiera incurrido en el patrón de conducta repetitivo de acecho requerido por la Ley Núm. 284-1999 para la expedición de la orden.

Luego de escuchar detenidamente la regrabación de la vista del 8 de abril de 2024, que incluye el testimonio de la Sra. Isaelys A. Vega Caraballo (Sra. Vega), y examinadas las determinaciones de hechos formuladas por el TPI, concluimos que erró el foro primario al expedir la orden de protección en contra de la Sra. Aguilar. Nos explicamos.

Durante su testimonio, la Sra. Vega declaró que el 16 de marzo de 2024 estaba colocando una verja de colindancia y al terminar de hacer los huecos en la tierra y colocar los tubos, recibió una llamada de amenaza de una persona que dijo ser el hermano de la Sra. Aguilar. Continuó testificando que el 17 de marzo de 2024, ocurrió un incidente con la Sra. Mirta Ríos Hernandez, quien es la madre de la Sra. Aguilar. La Sra. Vega indicó que ese 17 de marzo de 2024, la Sra. Aguilar no se encontraba en el área porque estaba en el Festival de las Chinas.

La Sra. Vega habló también de un incidente ocurrido el 2 de abril de 2024, en el que adujo que la Sra. Aguilar y su madre intentaron quitar los puntos de la colindancia. Además, aseveró que ese día la Sra. Aguilar aceleró su vehículo de motor hacia donde se encontraba la testigo.

A base de dicha prueba, el TPI expidió la orden de protección final en contra de la Sra. Aguilar. Sin embargo, las determinaciones de hecho a las que llegó al tribunal al expedir esta orden más bien reseñan un patrón de eventos o de conducta realizado por la Sra.

Mirta Ríos Hernández, madre de la Sra. Aguilar, y no por ésta directamente. De tal forma, el TPI concluyó, en síntesis, que: (1) la parte peticionaria tuvo varios incidentes con la Sra. Ríos Hernández los días 17, 19 de marzo y 2 de abril de 2024, en la finca de su propiedad; (2) la Sra. Ríos Hernández el 19 de marzo de 2024, junto a la Sra. Aguilar, entraron a la propiedad de la parte peticionaria sin autorización; (3) La Sra. Ríos Hernández, junto a la Sra. Aguilar, intentaron quitar los puntos de colindancia en la propiedad de la parte peticionaria; (4) la Sra. Aguilar aceleró y lanzó su vehículo de motor donde se encontraba la peticionaria; y (5) la Sra. Ríos Hernández quitó uno de los puntos de colindancia e indicó que quitaría los demás.

Sin embargo, y conforme al marco jurídico esbozado, colegimos que los incidentes descritos demuestran que la Sra. Aguilar solamente participó en el evento ocurrido el 19 de marzo de 2024, el cual, si bien estuvo dirigido a intimidar a la Sra. Vega, no satisface el requisito de un patrón de conducta persistente necesario para justificar la expedición de una orden de protección por acecho. Dicho de otra forma, la conducta desplegada por la Sra. Aguilar constituyó un evento aislado que no cumple con la definición de acecho. De hecho, las determinaciones del tribunal colocan a la Sra. Ríos Hernández como la única persona que incurrió en actos repetitivos que pudieran ser considerados como acecho.

En torno al segundo señalamiento de error, en el que se cuestiona el hecho de que el mismo juez presidió tanto la vista inicial como la vista final de la orden de protección, el Tribunal Supremo ha expresado - dentro del contexto de una causa criminal- que, a menos que se demuestre específicamente prejuicio y parcialidad de parte de un juez que preside una vista, el hecho de que ese mismo juez haya participado en procedimientos anteriores relacionados con

el caso, no lo descualifica para actuar en la vista principal.[14] En el presente caso, las alegaciones presentadas no constituyen prueba para validar imputaciones de prejuicio o parcialidad de parte del juzgador que presidió las vistas del presente caso.

En fin, no encontramos prueba alguna que demuestre que la Sra. Aguilar incurriera en un *patrón de conducta persistente* que evidenciara el propósito intencional de intimidar a los señores Vega-Rosario. Por consiguiente, concluimos que incidió el foro primario al expedir la orden de protección en contra de la Sra. Aguilar. Siendo así, procede revocar la resolución recurrida.

**IV.**

En virtud de lo anterior, expedimos el auto de *certiorari* y revocamos la orden de protección expedida en contra de la Sra. Melmary Aguilar Ríos.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Cintrón Cintrón disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] *Pueblo v. Dones Arroyo*, 106 DPR 303, 317 (1977).